All right. We have both of you on Zoom. Can you hear me okay? I can, Your Honor. Mr. Gorawara, can you hear me okay? I can as well. All right. You have reserved two minutes, and you begin whenever you're ready. Great. Thank you. Good morning, Your Honors. May it please the Court. This is Rahul Gorawara for the appellant. I'd like to address both the merits and the procedure. So first on the merits, my argument for removal of the state court case to federal court turns on what qualifies as bad faith for purposes of the Section 1446c1 exception. Now, Section 1446c1 allows for removal to federal court more than one year after commencement of an action in instances where the plaintiff has acted in bad faith in order to prevent the defendant from removing the action. Another subsection clarifies that failing to disclose the amount in controversy is an example of bad faith under that section. There were a number of factors here that I relied on factually to show bad faith. One is that there was a settlement offer that was made that was above the prior stipulation. It violated that stipulation. After that happened, I pointed out to opposing counsel that the damages stipulation that was filed was only signed by the client and not by his attorney. That violates Rule 11A, which requires that any paper filed be signed by the attorney. And it also mandates that after notice, if counsel refuses to sign that paper, that it must be struck from the record. So when I asked counsel to sign that stipulation after it was violated, he refused. Mr. Giroir, I just want to – you only have a minute left before you're – you have two minutes for rebuttal. But I want to address the jurisdictional question because it's unclear to me that we've said over and over again that if a district court awards sanctions but doesn't set the amount, that it's not final. And clearly, I know the district court said up to 2,000, but there was no fixed amount. So why do we have jurisdiction to hear this before there's a fixed amount set? The opposing counsel has submitted paperwork arguing that its costs were greater than 2,000, and therefore, the understanding was the fixed amount was 2,000. I know, but the district court said reasonable attorney's fees. There's been no determination. Up to. Up to 2,000. The district court didn't review – you're saying they've submitted something now to the district court? Is that what you said or no? No. Opposing counsel was arguing that he didn't need to submit it to the district court. He just e-mailed it to me. All right. But assuming you disagree – assuming you disagree with whatever he e-mailed to you, he would have to go to the district court. And the district court would have to determine whether or not those fees that he's seeking were reasonable up to $2,000. So you'd have – you still have an opportunity to contest the reasonableness of whatever it is he's asking you. And we've made clear that if that's still outstanding, we don't have jurisdiction. Because otherwise there could be two appeals, right? There could be appeal of this, and if we were to affirm the award of fees, assuming arguendo we did, then there could be another appeal on whether or not the amount was reasonable. We'd have two appeals. I understand, Your Honor. Opposing counsel doesn't take that view as to finality. Opposing counsel believes e-mails being detained – When you're dealing with the problem of whether we have jurisdiction, we have to take that into account, regardless of what the parties say or even the district court. If it's not a final judgment, it's not a final judgment. And our rules are that this would not be a final judgment because it was left indeterminate. The amount was left indeterminate within $2,000. Understood, Your Honor. I'm not disputing that. I'm just looking to preserve my appeal rights. And clearly opposing counsel had a different view of this. All right. Let's hear their view. And then you have your two minutes. Let's hear their view of that. Mr. Connors. Good morning, Your Honor. Richard Connors for the FLE John Caprio. I must confess I have not given any thought to this issue of the court's jurisdiction. We did not engage in any discussion with respect to the amount of the fees. Mr. Guerrero refers to my e-mailing him, and I do think that my fees are certainly $2,000, and I would be able to present that, but we haven't done that to the courts. I know, but you're required to do that. Like, you can't, you're right, the fees have to be reasonable. The district court's order referred to reasonable fees, right? That's correct. So you would agree if Mr. Guerrero says to you, like, I'm not paying the $2,000, I don't think this is reasonable, that you have to go to the district court and submit your billing of what you were seeking, and the district court would have to make a determination, right? I would agree with that. Mr. Guerrero took this appeal, I think, before we got to that stage. I know, but he wanted to preserve his rights, because there was also a date. The unusual part of this was the district court set a deadline for him paying, which, you know, he had to do something, I guess, is probably what Mr. Guerrero's going to respond, why he's filed a notice of appeal. But presumably, you can go back to the district court, and Mr. Guerrero, if you have any concerns about that deadline, just write a letter to the district court saying that you dispute, you know, he mailed you the fees and you dispute whether they're reasonable or not, and ask for a schedule for submissions on that. And I'm sure the district court, you know, will give that. That's what district courts do all the time when they're awarding fees. At this point, if I understand. Go ahead. You're honest correctly that even though here this morning, Mr. Guerrero indicates his agreement with the fact that the fee should be $2,000, we need to get a district court order. I thought he said the opposite. I didn't hear him say that, that he agrees that $2,000 is reasonable. I didn't hear him say that. If he agreed, then that's fine. He could pay you to. But I didn't hear him say. Mr. Guerrero, you're contesting the reasonableness of the fees, or you're not contesting that? Mr. Guerrero, can you answer? I am, Your Honor. I am contesting. The reasonableness of it. Not just the award of it, but the reasonableness of it. Yes? Yes. Okay. Okay. Well, then you could end this matter by just writing him a check. No, no. He said he's disputing the reasonableness of it. Oh, I didn't know. I thought he wasn't. Yeah. He said he is disputing it. So, yeah. I know, Mr. Kahn, you may not have been prepared for this, but believe me, we have multiple cases that say, as Mr. Judge Walker pointed out, that if the award has not been determined, the order is not final. I apologize, Your Honor. I did not – it didn't cross my mind to think of that. He filed the appeal. I addressed the issues that were raised in the appeal itself, and that wasn't one. All right. So the logical step would be to remand this to the district court, either dismiss the case, dismiss the appeal, and let it continue in the district court, or to get a final judgment, or maybe even a Jacobson remand, which would allow the district court to be clear about the fact that it's a final order. Make it a final order. Fix the problem. Anyway. All right. Is there anything else, Mr. Connors, you want to add? Nothing, Your Honor. Mr. Garrard, is there anything else you want to add? Yes, Your Honors. I would ask for the option for the Jacobson remand, if possible, just to confirm this is a final order. I would like to clarify. Wait. We'd be asking the district court. If we ask is this a final order, the district court, this can't be a final order, because under our law, the district court has to review the reasonableness of the fees, and if you're contesting that, it can't be a final order. If the district court remanded Jacobson and said is this a final order or not, and the district court said, yeah, notwithstanding Mr. Garrard doesn't agree to just pay the $2,000, I'm done, we'd have to send it back, right, because there has to be a finding of reasonableness. So that's – do you understand what I'm saying? I understand. I just want to clarify for the panel, too. The district court's order demands that the fees be paid within 30 days, and the appeal was taken just before that 30-day deadline. So I did not want to upset the district court by making – I presume that's why you did it this way. But, again, if you're concerned about that, you can just write a letter to the district court indicating that, you know, if the appeal is dismissed, indicating that you want a schedule for him to submit his documentation and for you to be able to contest the reasonableness. If the district court were to say they denied my order is final, then you could come back, but I don't think that's going to happen. Okay? Understood. We'll take the heat of upsetting the district court. Okay, thank you. I think you can understand the position that I'm in as a litigant. If the district court has issued a Rule 11 sanctions order, I do not want to – and then he said these sanctions are due, payable within 30 days. I do not want to violate that deadline.  Yeah. All right. Thank you both. Have a good day. Thank you, Your Honor. Thank you. That completes the visit.